85 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Prime ARAGON; Arturo Santos; Mamerto Caliva; Manolito
Mendavia, Plaintiffs-Appellants,
v.
HOLLYWOOD PRESBYTERIAN HOSPITAL; Gordon Cummings,
Defendants-Appellees.
 No. 94-56619.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1996.*
Decided May 15, 1996.
 
 Before: GIBSON,** NOONAN and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 * BACKGROUND
 
 
 3
 The plaintiffs, Prime Aragon, Arturo Santos, Mamerto Caliva, and Manolito Mendavia, are Filipinos who were discharged from discharges, the plaintiffs filed a complaint in state court against Queen of Angels and Gordon Cummings, a supervisor. The defendants successfully removed the case to federal court.
 
 
 4
 The first cause of action in the complaint alleges wrongful discharge in violation of Title VII, 42 U.S.C. §§ 2000e et seq., and the California Constitution. The plaintiffs claim they were wrongfully discharged on the basis of their national origin. The second and third causes of action allege breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress, respectively.
 
 
 5
 After obtaining dismissal of Aragon's claims, the defendants moved for summary judgment against Caliva, Mendavia, and Santos. These plaintiffs opposed summary judgment, but their papers in opposition did not comply with the substantive requirements or the timeliness requirements of Central District of California Local Rule 7.6. Reciting the plaintiffs' counsel's history of untimeliness during the case, the district court deemed the failure to file a timely and adequate opposition to be consent to the granting of the defendants' motion pursuant to Local Rule 7.9. The court granted summary judgment for the defendants. The plaintiffs filed a motion for relief under Federal Rule of Civil Procedure 60(b) which the district court denied.
 
 
 6
 This appeal followed.
 
 II
 DISCUSSION
 
 7
 The plaintiffs' appellate brief states, "[t]his appeal will not proceed as to appellant Aragon." We therefore dismiss the appeal as to appellant Aragon.
 
 
 8
 We have previously analyzed the interplay of Federal Rule of Civil Procedure 83, which authorizes the adoption of local rules, and Federal Rule of Civil Procedure 56, which governs motions for summary judgment. See e.g. United States v. Real Property Located At Incline Village, 47 F.3d 1511 (9th Cir.1995), cert. granted, 116 S.Ct. 962 (1996); Marshall v. Gates, 44 F.3d 722 (9th Cir.1995); Brydges v. Lewis, 18 F.3d 651 (9th Cir.1994); Henry v. Gill Indus., Inc., 983 F.2d 943 (9th Cir.1993). Despite various local rules which allow courts to construe an untimely opposition as consent to a motion for summary judgment, under Federal Rule of Civil Procedure 56 the court may properly exercise this discretion and grant summary judgment only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Real Property Located at Incline Village, 47 F.3d at 1519. "[D]efault summary judgment is proper unless 'the movant's papers are themselves insufficient to support a motion for summary judgment or on their face reveal a genuine issue of material fact.' " Id. at 1520 (quoting Henry, 983 F.2d at 949).
 
 
 9
 Although the district court's "Order Re Summary Judgment" failed to assess the sufficiency of the defendants' motion, on reconsideration the court corrected this error. The district court's judgment assessed the defendants' motion for summary judgment and concluded the defendants' moving papers were sufficient to entitle them to judgment as a matter of law.
 
 
 10
 We first assess whether the defendants' motion for summary judgment is sufficient to support judgment as a matter of law. Next, we consider whether the district court abused its discretion by deciding not to consider the plaintiffs' late and inadequate opposition papers. Finally, we review whether the district court abused its discretion by denying the plaintiffs' motion for relief under Federal Rule of Civil Procedure 60(b).
 
 
 11
 A. Sufficiency of Defendants' Motion for Summary Judgment
 
 
 12
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 64 U.S.L.W. 3619 (1996). "If the result reached by the district court is correct, we will affirm even if the district court relied on an erroneous ground." Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994).
 
 1. First Cause of Action
 
 13
 In their first cause of action, the plaintiffs alleged they were wrongfully discharged from their employment. They grounded their cause of action on alleged violations of Title VII, 42 U.S.C. §§ 2000e et seq, and the California Constitution. On appeal, the plaintiffs have conceded they are not entitled to relief under Title VII. Therefore, in reviewing summary judgment against the plaintiffs on the claims set forth in their first cause of action, we address only their contentions that they were wrongfully discharged in violation of the California Constitution.
 
 
 14
 a. Caliva
 
 
 15
 The statute of limitations for a wrongful discharge claim, based on a violation of the California Constitution, is one year. Funk v. Sperry Corp., 842 F.2d 1129, 1133 (9th Cir.1988). The defendants' motion for summary judgment attached exhibits showing Caliva was terminated on May 6, 1992, but did not file his complaint until July 8, 1993. The district court therefore properly concluded Caliva's wrongful discharge claim under the California Constitution was barred by the statute of limitations.
 
 
 16
 On appeal, Caliva refers to a claim under the California Fair Employment and Housing Act (FEHA). No such claim is alleged in the complaint, however. In any event, Caliva's putative claim fails because Queen of Angels, as a nonprofit corporation, is not an "employer" for the purposes of the FEHA. Cal.Govt.Code § 12926(d)(1).
 
 
 17
 b. Mendavia and Santos
 
 
 18
 Mendavia's and Santos's wrongful discharge claims were based on allegations of national origin discrimination in violation of the California Constitution.
 
 
 19
 There is no direct evidence of discrimination. The plaintiffs' burden, therefore, is to establish a prima facie case of discrimination. Wallis, 26 F.3d at 889. Once a prima facie case is established, the burden shifts to the defendant to produce a legitimate nondiscriminatory reason for its employment decision. Id. Then, the plaintiff must demonstrate that the employer's alleged reason is a pretext for a discriminatory motive. Id.
 
 
 20
 Even if Mendavia and Santos established a prima facie case, the defendants sustained their burden by producing a legitimate nondiscriminatory reason for their actions. They submitted evidence that Mendavia was discharged for violating rules and regulations prohibiting the possession of a firearm on the premises, and that Santos was discharged for budgetary reasons. Because the plaintiffs failed to make any showing of pretext, summary judgment was appropriate. Wallis, 26 F.3d at 890.
 
 2. Second Cause of Action
 
 21
 In their second cause of action, the plaintiffs allege that the defendants' conduct in discharging them violated the implied covenant of good faith and fair dealing. See e.g. Burton v. Security Pacific National Bank, 197 Cal.App.3d 972, 978-79 (1988).
 
 
 22
 a. Caliva
 
 
 23
 In order to prove this claim a plaintiff must show that the defendant acted in "bad faith" or without "probable cause." Id. By pointing to an absence of facts to support the plaintiffs' second cause of action and attaching Caliva's deposition which supports the absence of such facts, the defendants met their summary judgment burden. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 24
 b. Mendavia and Santos
 
 
 25
 The defendants submitted evidence that Mendavia's and Santos's employment was governed by the terms of a collective bargaining agreement (CBA). Under the terms of the CBA, Mendavia and Santos were required to prosecute their claims through the grievance procedure set forth in the CBA. They failed to do so.
 
 
 26
 The failure to utilize the grievance procedures provided in a collective bargaining agreement may bar grievants from pursuing remedies in court. Carr v. Pacific Maritime Ass'n, 904 F.2d 1313, 1317 (9th Cir.1990), cert. denied, 498 U.S. 1084 (1991); see also Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965). The defendants' motion for summary judgment included evidence supporting a finding that neither Santos nor Mendavia filed a grievance regarding any alleged discrimination. The evidence was sufficient to support summary judgment on Santos's and Mendavia's second cause of action.
 
 3. Third Cause of Action
 
 27
 In their third cause of action, the plaintiffs alleged claims for intentional infliction of emotional distress. They asserted that the defendants' conduct in terminating them was intentional, outrageous, and caused emotional distress.
 
 
 28
 Claims for emotional distress arising out of an employer's acts which are "a normal part of the employment relationship" are compensable exclusively under the Workers' Compensation Act.[1] Cole v. Fair Oaks Fire Protection Dist., 43 Cal.3d 148, 160 (1987). This rule includes injuries arising from termination of employment. Shoemaker v. Myers, 52 Cal.3d 1, 19 (1990). The district court properly granted summary judgment to the defendants on the third cause of action because the Workers' Compensation Act provides the exclusive remedy for the plaintiffs' claim.
 
 
 29
 We therefore conclude that the defendants' motion for summary judgment was sufficient to support a default grant of summary judgment. We next consider whether the district court erred in applying its local rules to reject the plaintiffs' submission in opposition to the defendants' motion for summary judgment.
 
 B. Violation of Local Rules
 
 30
 When the moving party sustains its burden on a motion for summary judgment, the district court's decision to grant judgment for a violation of a Local Rule is reviewed for abuse of discretion. Real Property, 47 F.3d at 1520. "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." Id. (quoting United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979)).
 
 
 31
 Throughout the life of this case, the plaintiffs' counsel continually failed to meet deadlines. In opposition to the defendants' motion for summary judgment, the plaintiffs' counsel filed his opposition papers late, and what he filed was inadequate. We conclude the district court did not abuse its discretion by invoking its local rules and declining to consider the plaintiffs' submissions in opposition to summary judgment.
 
 C. Rule 60(b) Motion
 
 32
 Motions for relief under Federal Rule of Civil Procedure 60(b) are within the sound discretion of the district court. Thompson v. Housing Authority, 782 F.2d 829, 832 (9th Cir.), cert. denied, 479 U.S. 829 (1986). Under Rule 60(b), a court may relieve a party from judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b); Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir.1992). Ignorance or carelessness on the part of the litigant or his attorney is not enough for relief under Rule 60(b)(1). Id.
 
 
 33
 The plaintiffs' counsel asserted two excuses for the untimeliness of the opposition to the motion for summary judgment. Three days before the opposition was due, counsel was discharged and then rehired by the plaintiffs the same day. On the day the opposition was due, counsel's copy machine broke down. No reason is given to attempt to excuse the insufficiency of the papers filed. We also note that counsel failed to show the existence of a meritorious defense, except to state that there was one. Given counsel's history of carelessness and neglect in this case, we cannot find the district court's refusal to grant relief under Rule 60(b) was an abuse of discretion.
 
 
 34
 The appeal as to Prime Aragon is DISMISSED. As to the other plaintiffs, the district court's summary judgment in favor of the defendants is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 There is an exception to this rule for claims of emotional distress as a result of conduct in breach of public policy such as the national origin discrimination claim alleged in the plaintiffs' first cause of action. Gantt, 1 Cal.4th at 1097-1101. The plaintiffs are not entitled to the benefit of this exception because the first cause of action fails